# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0440
Filed May 13, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Martavius Lamon Green,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Polk County,
The Honorable Joseph Seidlin, Judge.

———————————

**APPEAL DISMISSED**

———————————

John C. Heinicke of Kragnes & Associates, P.C., West Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Tabor, C.J., Langholz, J., and Vogel, S.J.
Opinion by Tabor, C.J.

1

**TABOR, Chief Judge.**

On the fourth day of his murder trial, Martavius Green accepted a deal. He pleaded guilty to burglary in the first degree and voluntary manslaughter. The court imposed a prison sentence and suspended the fine associated with that second count. Green now seeks resentencing, arguing it was illegal for the court to suspend the fine. Because he fails to show good cause to challenge the sentence, we dismiss his appeal.

## I.     Facts and Prior Proceedings

In September 2024, Green visited family in Iowa and stayed in their home. After an argument, he left their house and reentered with a handgun. Green then shot and killed his cousin.

The State charged him with murder in the first degree. His case went before a jury. But mid-trial, Green pleaded guilty to lesser offenses. In court, Green's counsel detailed the terms of the deal. In exchange for the State's amended trial information, Green agreed to plead guilty to voluntary manslaughter and burglary in the first degree. Iowa Code §§ 707.4, 713.1, 713.3(1) (2024). The agreed-to prison terms were twenty-five years for burglary and ten years for voluntary manslaughter, to run consecutively. Green also agreed to the five-year dangerous weapon enhancement under Iowa Code section 902.7 for both counts, so his sentence included a ten-year mandatory minimum.

The parties also addressed the fine associated with his voluntary manslaughter conviction. Green's counsel stated, "We haven't made an agreement regarding fines, but we would assume that under the circumstances that the fines would be suspended." The State responded, "[W]e would not object to it being suspended due to his incarceration." After

that back and forth, the court asked Green if the attorneys stated the agreement correctly. Green responded, "Yes."

At Green's sentencing hearing, the parties again agreed to suspend the fine, and the court sentenced Green in accordance with the plea agreement. The court assessed a fine of $1,370 with a fifteen percent surcharge, which the court suspended due to his incarceration.

Green appeals his sentence.

## II.    Analysis

Green anchors his appeal on the partial dissent in *State v. Laue*, No. 23-0208, 2023 WL 8448475, at *2–3 (Iowa Ct. App. Dec. 6, 2023) (Ahlers, J., concurring in part and dissenting in part). He argues his sentence is illegal because Iowa Code sections 901.5(3) and 907.3(3) do not permit courts to suspend fines based on incarceration. The State pushes back, emphasizing that our supreme court has not accepted the partial dissent as correct.

Before we reach the merits, we must determine whether Green has good cause to appeal. Under Iowa Code section 814.6, we lack jurisdiction to review a sentence arising from a plea agreement on anything above a simple misdemeanor unless the defendant establishes good cause or the crime is for a class "A" felony. The statute does not define good cause, but our supreme court described it as "a legally sufficient reason to appeal." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). "A legally sufficient reason is a ground that potentially would afford the appellant relief." *State v. Hidlebaugh*, 32 N.W.3d 783, 790 (Iowa 2026). Caselaw continues to refine that definition.

Good cause exists to challenge a sentence when the sentence "was neither mandatory nor agreed to in the plea bargain." *Damme*, 944 N.W.2d at 100. Even if the sentence imposed matches the recommendation in the

plea agreement, a defendant can still show good cause if there is a sentencing error outside the scope of the plea agreement. *Hidlebaugh*, 32 N.W.3d at 791. But the supreme court has not decided if the same is true when the plea agreement binds the district court to a sentence under Iowa Rule of Criminal Procedure 2.10(3) *Id.*

Here, Green contends he has good cause to appeal because he did not agree to the fine and surcharge in the plea agreement. The State disagrees, pointing out that Green's counsel brought up the suspension of fines, the State did not object, and Green affirmed that he understood the plea agreement.

From our reading, Green agreed to the suspended fine. Green and the State entered the plea agreement under rule 2.10(3).[1] Because he agreed to the sentence, which was binding on the court, he cannot show good cause. *See State v. Jones*, No. 25-1258, 2026 WL 892816, at *1 (Iowa Ct. App. April 1, 2026).

Green fails to show good cause, so we lack jurisdiction and dismiss his appeal.

**APPEAL DISMISSED.**

---

[1] In court, Green and the State requested the plea agreement be binding on the court. The district court then asked Green, "So you understand, Mr. Green, that part of the plea agreement here is, is that I would have to agree to be bound by the agreement that's just been announced?" Green answered, "Yes."